Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Attorneys for the Plaintiff
Carin Pfuhl

FILED
2008 AUG 11 PM 2:02
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ____ DEPUTY

'08 CV 1455 J JMA

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| CARIN PFUHL<br><br>          Plaintiff,<br>v.<br><br>MANN BRACKEN LLC AND CAPITAL ONE BANK<br><br>          Defendants. | Case Number:<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |
|---|---|

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

ORIGINAL

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. CARIN PFUHL, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of MANN BRACKEN LLC and CAPITAL ONE BANK, ("Defendants"), with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid any such violation.

**JURISDICTION AND VENUE**

6. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

7. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA").

8. Because Defendants conduct business in San Diego County and are subject to personal jurisdiction in San Diego County, Defendant therefore resides in this judicial district pursuant to 28 U.S.C. § 1391(c).

9. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c).

## PARTIES

10. Plaintiff is a natural person who resides in the State of California.

11. Defendant MANN BRACKEN LLC is operating out of the City of Concord, the County of Contra Costa and the State of California. Defendant CAPITAL ONE BANK is operating out of the City of McLean, the County of Fairfax, the State of Virginia.

12. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

13. Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

14. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

15. Defendants, in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), are therefore debt collectors as that term is defined by California Civil Code § 1788.2(c).

16. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

17. At all times relevant to this matter, Plaintiff was an individual residing within the State of California.

18. At all times relevant, Defendants conducted business within the State of California.

19. In late Fall 2003, Plaintiff was a victim of identity theft. The identity theft resulted in numerous extensions of credit taken in Plaintiff's name. Since that time, Plaintiff has taken and continues to take all necessary measures to repair the damage caused by the identity theft.

20. One such extension of credit to the identity theft perpetrator was by Defendant CAPITAL ONE BANK.

21. On December 16, 2003, Defendant CAPITAL ONE BANK was suspicious of a recent "request for credit" and contacted Plaintiff via letter to confirm the credit request, a true and correct copy of Defendant CAPITAL ONE BANK's letter is attached hereto as Exhibit A.

22. On December 30, 2003 Plaintiff responded, in writing, stating she had never applied for credit with Defendant CAPITAL ONE BANK and that it was a fraudulent application, a true and correct copy of Plaintiff's letter is attached hereto as Exhibit B.

23. Despite Defendant CAPITAL ONE BANK's knowledge of the fraudulent application, it extended credit in Plaintiff's name on or about January 15, 2004, to the identity thief.

24. As a result of this extension of credit, Defendant CAPITAL ONE BANK alleges Plaintiff is to have incurred certain financial obligations.

25. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

26. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

27. From January 2004 to December 2004, Defendant CAPITAL ONE BANK attempted to collect the alleged debt by sending Plaintiff monthly billing statements.

28. Defendant CAPITAL ONE BANK's monthly billing statement to Plaintiff constituted "communications" as that term is defined by 15 U.S.C. § 1692a(2), and the first of which constituted an "initial communication" consistent with 15 U.S.C. § 1692g(a).

29. These communications were "debt collections" as Cal. Civ. Code 1788.2(b) defines that phrase, and the first of which constituted an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

30. Defendant CAPITAL ONE BANK's actions constituted an attempt to collect an amount not permitted by law in violation of Cal. Civ. Code § 1788.17 because it incorporates 15 U.S.C. § 1692f(1).

31. Defendant CAPITAL ONE BANK's actions continued despite Plaintiff's constant correspondence with Defendant CAPITAL ONE BANK, stating the extension of credit was not requested by Plaintiff and was based on a fraudulent application perpetrated by the identity thief.

32. Despite Plaintiff's repeated communications to Defendant CAPITAL ONE BANK regarding the identity theft, and Defendant's CAPITAL knowledge thereof, it continued its collection efforts against Plaintiff.

33. On August 7, 2007, Defendants filed a lawsuit in the Superior Court of California, County of Riverside, Case No. RIC477454.

34. Defendants initiated the aforementioned lawsuit without any reasonable inquiry into the facts or merits of the allegations, resulting in numerous violations of the FDCPA and RFDCPA. Specifically, Defendant MANN BRACKEN LLC violated 15 U.S.C. §§ 1692e, 1692e(10), and 1692f. Because Defendant MANN BRACKEN LLC's actions violated 15 U.S.C. §§ 1692e, 1692e(10), and 1692f, it also violated Cal. Civ. Code § 1788.17. Similarly, Defendant CAPITAL ONE BANK violated Cal. Civ. Code § 1788.17 because it violated 15 U.S.C. §§ 1692e, 1692e(10), and 1692f.

35. Defendant MANN BRACKEN LLC's failure to conduct a diligent investigation prior to filing the aforementioned lawsuit, violated its professional duty as well as the requirements set forth in the Federal Rules of Civil Procedure as well as Bus. & Prof. Code § 6077.5.

36. The filing of the aforementioned lawsuit by Defendants constituted an attempt to collect an amount not permitted by law in violation of 15 U.S.C. § 1692f(1). Because Defendant MANN BRACKEN LLC violated 15 U.S.C. § 1692f(1), it also violated Cal. Civ. Code § 1788.17. Defendant CAPITAL ONE BANK violated Cal. Civ. Code 1788.17 because its actions violated 15 U.S.C. § 1692f(1).

37. Defendants action further constituted a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. As such, this action by Defendant MANN BRACKEN LLC violated 15 U.S.C. §§ 1692e and 1692e(10), and because this action violated the language in 15 U.S.C. §§ 1692e and 1692e(10), it also violated Cal. Civ. Code § 1788.17. Defendant CAPITAL ONE BANK's actions violated Cal. Civ. Code § 1788.17 because this action violated the language in 15 U.S.C. §§ 1692e and 1692e(10).

38. As a result of Defendants actions, Plaintiff was forced to defend a frivolous lawsuit until July 17, 2008, when Defendant MANN BRACKEN LLC informed Plaintiff's counsel via facsimile it filed for dismissal. Defendant MANN BRACKEN LLC's notification of request for dismissal came only after Plaintiff had begun preparing for trial, which was set for the following day, July 18, 2008.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692 ET SEQ.

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

41. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

## COUNT II

### VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

### CAL. CIV. CODE §§ 1788-1788.32

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

44. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each and every defendant, jointly and severally.

## COUNT III

### CAL. CIV. CODE §§ 1798.93(a)

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. Plaintiff has proffered sufficient evidence to prove by a preponderance of evidence to establish that was a victim of identity theft.

47. Plaintiff has proffered sufficient evidence to prove she is a victim of identity theft as defined in Penal Code § 530.5, thereby entitling her to the remedies specified in Cal. Civ. Code § 1798.93(c).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded damages from each and every defendant, as follows:

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 ET SEQ.

48. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
49. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
50. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

### COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

### CAL. CIV. CODE §§ 1788-1788.32

51. An award of actual damages pursuant to California Civil Code § 1788.30(a);
52. An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
53. An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

### COUNT III

### CAL. CIV. CODE §§ 1798.93(c)(1), (3), (5) AND (6)

54. A declaration that Plaintiff is not obligated to the Defendants on that claim.
55. An injunction restraining Defendants from collecting or attempting to collect from the Plaintiff on that claim, from enforcing or attempting to enforce any security interest or other interest in Plaintiff's property in connection with that claim, or from enforcing or executing on any judgment against the Plaintiff on that claim.

56. An award of actual damages, attorney's fees, and costs, and any equitable relief that the court deems appropriate as Plaintiff provided written notice to Defendant CAPITAL ONE BANK that a situation of identity theft existed at the time Defendant CAPITAL ONE BANK received the fraudulent application for credit in Plaintiff's name.

57. A civil penalty, in addition to any damages, of up to thirty thousand dollars ($30,000) as Plaintiff has proffered sufficient evidence to establish by clear and convincing evidence that:

    (A) Plaintiff provided Defendant CAPITAL ONE BANK written notice that a situation of identity theft existed and explained the basis for that belief.

    (B) Defendant CAPITAL ONE BANK failed to diligently investigate the Plaintiff's notification of identity theft.

    (C) Defendant CAPITAL ONE BANK continued to pursue its claim against Plaintiff after Defendant CAPITAL ONE BANK was presented with facts that were later held to entitle Plaintiff to a judgment pursuant to Cal. Civ. Code § 1798.93.

### TRIAL BY JURY

58. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: 7/28/08

                                                **Hyde & Swigart**

                                                By: _____
                                                Joshua B. Swigart
                                                Attorneys for the Plaintiff

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Carin Pfuhl

## DEFENDANTS
Mann Bracken LLC and Capital One Bank

FILED
2008 AUG 11 PM 2: 02
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

(b) County of Residence of First Listed Plaintiff **Clark**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Contra Costa**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Joshua B. Swigart, Hyde & Swigart. Tell: 619.233.7770
411 Camino Del Rio South, Suite 301, San Diego, CA 92108

Attorneys (If Known)

'08 CV 1455 J JMA

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | IMMIGRATION | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 1692, Fair Debt Collection Practices Act (F.D.C.P.A.)
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE 8/6/08    SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 153868    AMOUNT $350    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

TJC 8/11/08

ORIGINAL

```
        UNITED STATES
        DISTRICT COURT
     SOUTHERN DISTRICT OF CALIFORNIA
           SAN DIEGO DIVISION

      # 153868      - TC

        August 11, 2008
           14:01:36


        Civ Fil Non-Pris
     USAO #.: 08CV1455
     Judge..: NAPOLEON A JONES, JR
     Amount.:              $350.00 CK
     Check#.: BCBC2523




     Total-> $350.00



     FROM: CARIN PFUHL
           VS
           MANN BRACKEN LLC
```