Abraham J. Colman (SBN 146933)
Email: acolman@reedsmith.com
Raymond Y. Kim (SBN 251210)
Email:  rkim@reedsmith.com

REED SMITH LLP
355 S. Grand Avenue, Suite 2900
Los Angeles, CA 90071
Telephone:  213.457.8000
Facsimile:   213.457.8080

Attorneys for Defendant
CAPITAL ONE BANK USA, (N.A.)

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARIN PFUHL,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>MANN BRACKEN LLC AND CAPITAL ONE BANK,<br><br>　　　　　　Defendants. | Case No. CV 08-1455 JMA<br><br>The Honorable Jan M. Alder<br>Department D<br><br>**DEFENDANT CAPITAL ONE BANK (USA), N.A.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br>Complaint Filed:　August 11, 2008<br>Trial Date:　　　None Set<br>Discovery Cut Off: None Set |

Defendant Capital One Bank (USA), N.A. ("Capital One" or "Defendant"), formerly known as "Capital One Bank,"[1] hereby responds to plaintiff Carin Pfuhl's ("Plaintiff") Complaint for Damages as filed in the United States District Court of the Southern District of California, Case No. CV 08-1455 JMA ("Complaint") by and through the undersigned counsel, as follows:

## INTRODUCTION

1. Paragraph 1 is not directed at Defendant, and thus, does not require a denial or admission. To the extent that this paragraph can be construed as making any allegations against Defendant, Defendant denies the allegations contained therein.

2. Paragraph 2 is not directed at Defendant, and thus, does not require a denial or admission. To the extent that this paragraph can be construed as making any allegations against Defendant, Defendant denies the allegations contained therein.

3. Answering Paragraph 3 of the Complaint, Defendant denies that it unlawfully or abusively attempted to collect a debt owed by Plaintiff.

4. Answering Paragraph 4 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

5. Answering Paragraph 5 of the Complaint, Defendant denies that it violated any state or federal statutes as alleged by Plaintiff.

## JURISDICTION AND VENUE

6. Answering Paragraph 6 of the Complaint, Defendant admits that this Court has jurisdiction over this action.

---

[1] While the consumer credit card account at issue originated with Capital One Bank ("COB"), on March 1, 2008, COB converted from a Virginia state-chartered bank to a national banking association now called Capital One Bank (USA), N.A.

7. Answering Paragraph 7 of the Complaint, Defendant denies that violated Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. Section 1692, *et seq*. or the Rosenthal Fair Debt Collection Practices Act, California Civil Code Sections 1788-1788.32 ("RFDCPA").

8. Answering Paragraph 8 of the Complaint, Defendant admits that it is subject to personal jurisdiction in San Diego.

9. Answering Paragraph 9 of the Complaint, Defendant admits that venue is proper in this district.

**PARTIES**

10. Answering Paragraph 10 of the Complaint, Defendant admits, on information and belief, that Plaintiff is a natural person who resides in the State of California.

11. Answering Paragraph 11 of the Complaint, Defendant admits that it is operating out of McLean, Virginia.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

12. The allegations in Paragraph 12 constitute legal conclusions to which no response is required.  To the extent that a response to Paragraph 12 is required, Defendant denies all allegations contained therein.  Further, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

13. The allegations in Paragraph 13 constitute legal conclusions to which no response is required.  To the extent that a response to Paragraph 13 is required, Defendant denies that it is a "debt collector" as that term is defined by 15 U.S.C. Section 1692a(6).

14. The allegations in Paragraph 14 constitute legal conclusions to which no response is required. To the extent that a response to Paragraph 14 is required, Defendant denies all allegations contained therein.

15. The allegations in Paragraph 15 constitute legal conclusions to which no response is required. To the extent that a response to Paragraph 15 is required, Defendant denies that it is a "debt collector" as that term is defined by California Civil Code Section 1788.2(c) or that it, "in the ordinary course of business, regularly, on behalf of [itself], or others, engage[s] in debt collection."

16. The allegations in Paragraph 16 constitute legal conclusions to which no response is required. To the extent that a response to Paragraph 16 is required, Defendant denies all allegations contained therein.

## FACTUAL ALLEGATIONS

17. Answering Paragraph 17 of the Complaint, Defendant admits, on information and belief, that Plaintiff is an individual residing in the State of California.

18. Answering Paragraph 18 of the Complaint, Defendant admits that, at all times relevant, it conducted business within the State of California.

19. Answering Paragraph 19 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

20. Answering Paragraph 20 of the Complaint, Defendant denies that it extended credit to an identity thief.

21. Answering Paragraph 21 of the Complaint, Defendant admits that on or about December 16, 2003, it contacted Plaintiff via letter to confirm a suspicious credit request. Ultimately, because the credit request was suspicious, Defendant did not issue a credit account in response to said credit request.

22. Answering Paragraph 22 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

23. Answering Paragraph 23 of the Complaint, Defendant denies that it extended credit in Plaintiff's name to the alleged identity thief on or about January 15, 2004.

24. Answering Paragraph 24 of the Complaint, Defendant denies that it extended credit to an identity thief.

25. The allegations in Paragraph 25 constitute legal conclusions to which no response is required. To the extent that a response to Paragraph 25 is required, Defendant denies all allegations contained therein. Further, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

26. The allegations in Paragraph 26 constitute legal conclusions to which no response is required. To the extent that a response to Paragraph 26 is required, Defendant denies all allegations contained therein. Further, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

27. Answering Paragraph 27 of the Complaint, Defendant denies that it sent a monthly billing statement to Plaintiff in January, 2004. Defendant, however, admits that it sent monthly billing statements to Plaintiff from February, 2004 to December, 2004.

28. The allegations in Paragraph 28 constitute legal conclusions to which no response is required. To the extent that a response to Paragraph 28 is required, Defendant denies all allegations contained therein.

29.     The allegations in Paragraph 29 constitute legal conclusions to which no response is required.  To the extent that a response to Paragraph 29 is required, Defendant denies all allegations contained therein.

30.     Answering Paragraph 30 of the Complaint, Defendant denies that it violated California Civil Code Section 1788.17 or 15 U.S.C. Section 1692f(1).

31.     Answering Paragraph 31 of the Complaint, Defendant denies that it unlawfully attempted to collect a debt arising from a fraudulent account.

32.     Answering Paragraph 32 of the Complaint, Defendant denies that it unlawfully attempted to collect a debt arising from a fraudulent account.

33.     Answering Paragraph 33 of the Complaint, Defendant admits that it filed a lawsuit in the Superior Court of California, County of Riverside.

34.     Answering Paragraph 34 of the Complaint, Defendant denies that it violated the FDCPA or the RFDCPA.  Defendant further denies that it initiated the aforementioned lawsuit without any reasonable inquiry into the facts or merits of the allegations.

35.     Paragraph 35 is not directed at Defendant, and thus, does not require a denial or admission.  To the extent that this paragraph can be construed as making any allegations against Defendant, Defendant denies the allegations contained therein.

36.     Answering Paragraph 36 of the Complaint, Defendant denies that the lawsuit constituted an attempt to collect a debt not permitted by law.  Defendant further denies that it violated California Civil Code Section 1788.17 or 15 U.S.C. Section 1692f(1).

37.     Answering Paragraph 37 of the Complaint, Defendant denies that its action constituted a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt.  Defendant further denies that it violated California Civil Code Section 1788.17 or 15 U.S.C. Section 1692e.

38.     Answering Paragraph 38, Defendant denies that it filed a frivolous lawsuit.  Defendant is without sufficient knowledge or information to form a belief as

to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

## CAUSES OF ACTION

## COUNT I

### Violations of the Fair Debt Collection Practices Act

### 15 U.S.C. §§ 1692 et seq.

39. Answering Paragraph 39 of the Complaint, Defendant incorporates its responses to Paragraphs 1 through 38 as though fully set forth herein.

40. Answering Paragraph 40 of the Complaint, Defendant denies that it violated the FDCPA.

41. Answering Paragraph 41 of the Complaint, Defendant denies that it violated the FDCPA, and based thereon, denies that Plaintiff is entitled to any damages, fees, or costs.

## COUNT II

### Violations of the Rosenthal Fair Debt Collection Practices Act

### Cal. Civ. Code §§ 1788-1788.32

42. Answering Paragraph 42 of the Complaint, Defendant incorporates its responses to Paragraphs 1 through 41 as though fully set forth herein.

43. Answering Paragraph 43 of the Complaint, Defendant denies that it violated the RFDCPA.

44. Answering Paragraph 44 of the Complaint, Defendant denies that it violated the RFDCPA, and based thereon, denies that Plaintiff is entitled to any damages, fees, or costs.

## COUNT III

### Cal. Civ. Code §§ 1798.93

45. Answering Paragraph 45 of the Complaint, Defendant incorporates its responses to Paragraphs 1 through 44 as though fully set forth herein.

46. The allegations in Paragraph 46 constitute legal conclusions to which no response is required. To the extent that a response to Paragraph 46 is required, Defendant denies that Plaintiff has proffered evidence sufficient to prove by a preponderance of evidence that she was a victim of identity theft.

47. The allegations in Paragraph 47 constitute legal conclusions to which no response is required. To the extent that a response to Paragraph 47 is required, Defendant denies that Plaintiff is entitled to relief pursuant to California Civil Code Section 1798.93 and further denies that Plaintiff has proffered evidence sufficient to prove by a preponderance of evidence that she was a victim of identity theft.

## **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

1. Plaintiff fails to allege facts sufficient to state any cause of action upon which relief can be granted.

### **SECOND AFFIRMATIVE DEFENSE**

(Laches)

2. Plaintiff's claims are barred by the doctrine of laches.

### **THIRD AFFIRMATIVE DEFENSE**

(Statute of Limitations)

3. Plaintiff's claims are barred by all applicable statutes of limitations.

### **FOURTH AFFIRMATIVE DEFENSE**

(Estoppel)

4. All of the causes of action alleged in the Complaint are barred by the doctrine of estoppel.

///

///

## FIFTH AFFIRMATIVE DEFENSE

(Waiver)

5. Plaintiff has waived any and all claims, rights and demands that she had or may have against Defendant, and any claims by Plaintiff asserted herein are subject to that waiver.

## SIXTH AFFIRMATIVE DEFENSE

(Compliance with Law)

6. Defendant met or exceeded the requirements of all applicable laws, regulations, and standards applicable to Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

(Contribution)

7. Any and all harm alleged by Plaintiff can be attributed to several causes, and the damages for the harm, if any, should be apportioned among the various causes according to the contribution of each cause to the harm sustained.

## EIGHTH AFFIRMATIVE DEFENSE

(Several Liability)

8. Should Plaintiff prevail against Defendant, Defendant's liability is several and limited to its own actionable segments of fault, if any.

## NINTH AFFIRMATIVE DEFENSE

(Offset)

9. Defendant is entitled to an offset to the claims set forth in the Complaint sufficient to diminish or defeat Plaintiff's recovery thereunder.

## TENTH AFFIRMATIVE DEFENSE

(Fault of Others)

10. If Plaintiff suffered or sustained any loss, injury, damage, or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or

intentional misconduct of third parties, and not Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

(Failure to Join Indispensable Parties)

11. The injuries or damages of which Plaintiff complains were caused in whole or in part by non-parties whom Plaintiff has failed to join in this action.

## TWELFTH AFFIRMATIVE DEFENSE

(No Damages)

12. Plaintiff did not incur any damages or loss as a result of any act or conduct by Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Causation)

13. Plaintiff fails to show that any alleged acts or omissions of Defendant caused the injuries or damages claimed by Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Speculative Damages)

14. Any damage or loss Plaintiff did incur as a result of any act or conduct by Defendant would be speculative at best and thus too uncertain for recovery.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Good Faith/Conformance with Applicable Standards)

15. With respect to all matters alleged in the Complaint, Defendant at all times acted in good faith and in conformance with all applicable government and industry standards, thus precluding any recovery by Plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Innocent Mistake/Bona Fide Error)

16. Any alleged acts or omissions of Defendant giving rise to Plaintiff's claims, if any, are the result of innocent mistake and/or bona fide error despite reasonable procedures implemented by Defendant. Defendant, at all times acted in a reasonable manner in connection with the transactions at issue in this action.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Intervening Acts)

17. The damages complained of were the result of the intervening actions of others and were not proximately caused by the actions or omissions of Defendant.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Justification)

18. The acts and omissions alleged in the Complaint were justified.

**NINETEENTH AFFIRMATIVE DEFENSE**

(Protection of Economic Interest)

19. Defendant at all times acted in good faith and in accordance with reasonable commercial standards to protect its economic interest, thus precluding any recovery by Plaintiff.

**TWENTIETH AFFIRMATIVE DEFENSE**

(Uncertainty)

20. Plaintiff's claims are uncertain, ambiguous, and unintelligible.

**TWENTY FIRST AFFIRMATIVE DEFENSE**

(Failure to Mitigate Damages)

21. Plaintiff has failed, in whole or in part, to mitigate her alleged damages.

**TWENTY SECOND AFFIRMATIVE DEFENSE**

(Unjust Enrichment)

22. Plaintiff would be unjustly enriched if allowed to recover under the Complaint.

**TWENTY THIRD AFFIRMATIVE DEFENSE**

(Statute of Frauds)

23. Plaintiff is barred by the Statute of Frauds from asserting some or all of the claims alleged in the Complaint.

## TWENTY FOURTH AFFIRMATIVE DEFENSE

(Arbitration)

24. Defendant reserves the right to compel arbitration.

## TWENTY FIFTH AFFIRMATIVE DEFENSE

(Ratification/Consent)

25. Plaintiff ratified or consented to the actions and conduct of Defendant.

## TWENTY SIXTH AFFIRMATIVE DEFENSE

(Lack of Malice)

26. Defendant specifically denies that it acted with any willfulness, oppression, fraud or malice towards Plaintiff or others.

## TWENTY SEVENTH AFFIRMATIVE DEFENSE

(Not a "Debt Collector")

27. Defendant is not a "debt collector" as the term is defined and employed by the FDCPA.

## TWENTY EIGHTH AFFIRMATIVE DEFENSE

(Failure of Proof)

28. Plaintiff has failed to prove by a preponderance of evidence that she is a victim of identity theft.

## TWENTY NINTH AFFIRMATIVE DEFENSE

(Additional Affirmative Defenses)

28. Defendant has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant therefore reserves the right to assert additional affirmative defenses in the event discovery indicates that they may be appropriate.

///

///

1  WHEREFORE Defendant prays for judgment as follows:

2      1.    That Plaintiff take nothing by reason of the Complaint;

3      2.    For its costs of suit herein;

4      3.    For attorney's fees according to proof; and

5      4.    For such other and further relief as this Court may deem just and

6  proper.

8  DATED: September 24, 2008    REED SMITH LLP

10  By /s/
11  Abraham J. Colman
12  Raymond Y. Kim
    Attorneys for Defendant
13  CAPITAL ONE BANK (USA), N.A.

DEFENDANT CAPITAL ONE BANK (USA) N.A.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

Defendant respectfully requests a trial by jury on all causes of action and issues on which it is entitled to a jury trial.

DATED:  September 24, 2008         REED SMITH LLP


By  /s/
    Abraham J. Colman
    Raymond Y. Kim
    Attorneys for Defendant
    CAPITAL ONE BANK (USA), N.A.