Birgit Dachtera Stuart (SBN 154621)
THE LAW OFFICES OF RONALD S. CANTER, LLC
11300 Rockville Pike, Suite 1200
Rockville, MD  20852
Telephone: (301) 770-7490
Facsimile:(301) 770-7493
E-Mail:  bstuart@roncanterllc.com

44 Montgomery Street, Suite 3010
San Francisco, CA  94104-4816
Local Address

Attorney for Defendant
MannBracken, L.L.C.

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARIN PFUHL<br><br>Plaintiff<br><br>vs.<br><br>MANNBRACKEN, L.L.C. AND CAPITAL ONE BANK<br><br>Defendants | Case No.:  08-CV-1455-IEG(JMA)<br><br>**DEFENDANT MANNBRACKEN, L.L.C.'S ANSWER TO COMPLAINT** |

  Defendant MannBracken, L.L.C. ("Defendant"), hereby responds to Plaintiff Carin Pfuhl's ("Plaintiff") Complaint for Damages as filed in the United States District Court of the Southern District of California, Case No. CV-08-1455 JMA ("Complaint") by and through the undersigned counsel, as follows:

1.      Paragraph 1 is not directed at Defendant, and thus, does not require a denial or admission.  To the extent that this paragraph can be construed as making any allegations against Defendant, Defendant denies the allegations contained therein.

2.      Paragraph 2 is not directed at Defendant, and thus, does not require a denial or admission.  To the extent that this paragraph can be construed as making any allegations against Defendant, Defendant denies the allegations contained therein.

3.      In answer to the allegations in Paragraph 3 of the Complaint, Defendant denies that it unlawfully and/or abusively attempted to collect a debt allegedly owed by Plaintiff, and further denies that its conduct caused Plaintiff damages.

4.      In answer to the allegations in Paragraph 4 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies them.

5.      In answer to the allegations in Paragraph 5 of the Complaint, Defendant denies that it violated any state or federal statutes as alleged by Plaintiff.

6.      The allegations in Paragraph 6 of the Complaint relate to jurisdiction and do not require the filing a response either admitting or denying the allegations.

7.      Defendant denies the allegations in Paragraph 7 of the Complaint.

8.      In answer to the allegations in Paragraph 8 of the Complaint, Defendant admits that it is subject to personal jurisdiction in San Diego County.

9.   The allegations in Paragraph 9 of the Complaint relate to venue and do not require the filing of a response either admitting or denying the allegations.

10.  In answer to the allegations in Paragraph 10 of the Complaint, Defendant admits, on information and belief, that Plaintiff is a natural person who resides in the State of California.

11.  In answer to the allegations in Paragraph 11 of the Complaint, Defendant admits that it is operating out of the City of Concord, County of Contra Costa, in the State of California.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 11, and on that basis denies them.

12.  In answer to the allegations in Paragraph 12 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to whether the obligation at issue was incurred primarily for personal, family or household purposes, and therefore can neither admit nor deny whether Plaintiff qualifies as a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3), and on that basis denies the allegation.

13.  In answer to the allegations in Paragraph 13 of the Complaint, Defendant admits that it has, at times, acted as a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

3
PFUHL V. MANNBRACKEN, L.L.C. AND CAPITAL ONE BANK (CASE NO. 08-CV-1455-IEG(JMA))
DEFENDANT MANNBRACKEN, L.L.C.'S ANSWER TO COMPLAINT

14.  In answer to the allegations in Paragraph 14 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to whether the obligation at issue was incurred primarily for personal, family or household purposes, and therefore can neither admit nor deny whether Plaintiff qualifies as a "debtor" as defined by California Civil Code §1788.2(h), and on that basis denies the allegations.

15.  In answer to the allegations in Paragraph 15 of the Complaint, Defendant admits that it has, at times, acted as a "debt collector" as defined by the Rosenthal Act, California Civil Code §1788.2(c).  Defendant further admits that it has, at times, in the ordinary course of business, on behalf of itself, or others engaged in debt collection as that term is defined by California Civil Code §1788.2(b).

16.  In answer to the allegations in Paragraph 16 of the Complaint, Defendant lacks sufficient knowledge to form a belief as to whether the obligation at issue was incurred primarily for personal, family or household purposes, and therefore can neither admit nor deny whether this action arises out of consumer debt and "consumer credit" as those terms are defined by California Civil Code §1788.2(f), and on that basis denies the allegations.

17.  In answer to the allegations in Paragraph 17 of the Complaint, Defendant admits, on information and belief, that Plaintiff is an individual residing in the State of California.

18.   In answer to the allegations in Paragraph 18 of the Complaint, Defendant admits that, at all times relevant, it conducted business within the State of California.  As to the remaining allegations in Paragraph 18 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in that paragraph, and on that basis denies them.

19.   In answer to the allegations in Paragraph 19 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies those allegations.

20.   The allegations in Paragraph 20 of the Complaint pertain to Defendant Capital One Bank, and require no response from this answering Defendant.

21.   The allegations in Paragraph 21 of the Complaint pertain to Defendant Capital One Bank, and require no response from this answering Defendant.

22.   The allegations in Paragraph 22 of the Complaint pertain to Defendant Capital One Bank, and require no response from this answering Defendant.

23.   The  allegations in Paragraph 23 of the Complaint pertain to Defendant Capital One Bank, and require no response from this answering Defendant.

24.   The allegations in Paragraph 24 of the Complaint pertain to Defendant Capital One Bank, and require no response from this answering Defendant.

25. In answer to the allegations in Paragraph 25 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies those allegations.

26. In answer to the allegations in Paragraph 26 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies those allegations.

27. The allegations in Paragraph 27 of the Complaint pertain to Defendant Capital One Bank, and require no response from this answering Defendant.

28. The allegations in Paragraph 28 of the Complaint pertain to Defendant Capital One Bank, and require no response from this answering Defendant.

29. The allegations in Paragraph 29 of the Complaint pertain to Defendant Capital One Bank, and require no response from this answering Defendant.

30. The allegations in Paragraph 30 of the Complaint pertain to Defendant Capital One Bank, and require no response from this answering Defendant.

31. The allegations in Paragraph 31 of the Complaint pertain to Defendant Capital One Bank, and require no response from this answering Defendant.

32. The allegations in Paragraph 32 of the Complaint pertain to Defendant Capital One Bank, and require no response from this answering Defendant.

33. In answer to the allegations in Paragraph 33 of the Complaint, Defendant admits that it, on behalf of its client, Capital One Bank, filed a lawsuit in the Superior Court of California, County of Riverside, Case No RIC477454.

34. In answer to the allegations in Paragraph 34 of the Complaint, Defendant denies that it violated the FDCPA or the RFDCPA and further denies that it initiated the aforementioned lawsuit without any reasonable inquiry into the facts or merits of the allegations. The remaining allegations in Paragraph 34 pertain to Defendant Capital One and require no response from this answering Defendant.

35. Defendant denies the allegations in Paragraph 35 of the Complaint.

36. Defendant denies the allegations in Paragraph 36 of the Complaint that pertain to it. As to the remaining allegations in Paragraph 36, those allegations do not pertain to this answering Defendant, and do not require a response from this answering Defendant.

37. Defendant denies the allegations in Paragraph 37 of the Complaint that pertain to it. As to the remaining allegations in Paragraph 37, those allegations do not pertain to this answering Defendant, and do not require a response from this answering Defendant.

38. Defendant denies the allegations in Paragraph 38 of the Complaint.

7
PFUHL V. MANNBRACKEN, L.L.C. AND CAPITAL ONE BANK (CASE NO. 08-CV-1455-IEG(JMA))
DEFENDANT MANNBRACKEN, L.L.C.'S ANSWER TO COMPLAINT

39.    In answer to the allegations in Paragraph 39 of the Complaint, Defendant incorporates its responses to Paragraphs 1 through 38 as though fully set forth herein.

40.    Defendant denies the allegations in Paragraph 40 of the Complaint.

41.    Defendant denies the allegations in Paragraph 41 of the Complaint.

42.    In answer to the allegations in Paragraph 42 of the Complaint, Defendant incorporates its responses to Paragraphs 1 through 41 as though fully set forth herein.

43.    Defendant denies the allegations in Paragraph 43 of the Complaint.

44.    Defendant denies the allegations in Paragraph 44 of the Complaint.

45.    In answer to the allegations in Paragraph 45 of the Complaint, Defendant incorporates its responses to Paragraphs 1 through 44 as though fully set forth herein.

46.    Defendant denies the allegations in Paragraph 46 of the Complaint.

47.    Defendant denies the allegations in Paragraph 47 of the Complaint.

<u>AFFIRMATIVE DEFENSES</u>

As for the affirmative defenses to the Complaint, Defendant alleges as follows:

PFUHL V. MANNBRACKEN, L.L.C. AND CAPITAL ONE BANK (CASE NO. 08-CV-1455-IEG(JMA))
DEFENDANT MANNBRACKEN, L.L.C.'S ANSWER TO COMPLAINT

FIRST AFFIRMATIVE DEFENSE
(FAILURE TO STATE A CLAIM)

The allegations of the Complaint fail to state a claim against Defendant upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE
(BONA FIDE ERROR)

To the extent that any violation of law occurred, which Defendant expressly denies, said violation was not intentional and resulted from a bona error notwithstanding the maintenance by Defendant of procedures reasonably adapted to avoid any such error.

THIRD AFFIRMATIVE DEFENSE
(EQUITABLE INDEMNITY)

To the extent that Plaintiff has suffered any damages as a result of any alleged act or omission of Defendant, which Defendant denies, Defendant is entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

FOURTH AFFIRMATIVE DEFENSE
(UNCLEAN HANDS)

The allegations in the Complaint and relief requested are, on information and belief, barred in whole or in part by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE
## (NO WILLFUL CONDUCT)

Defendant acted in good faith at all times in its dealings with Plaintiff, and if any conduct by Defendant is found to be unlawful, which Defendant expressly denies, such conduct was not willful and should not give rise to liability.

## SIXTH AFFIRMATIVE DEFENSE
## (FAILURE TO MITIGATE)

Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that she may have, and is therefore barred from recovering damages, if any, from Defendant.

## SEVENTH AFFIRMATIVE DEFENSE
## (LITIGATION PRIVILEGE)

The actions of Defendant complained of in the Complaint constitute communications that were made in good faith and in anticipation of or in connection with ongoing litigation and Plaintiff's state law claims are therefore barred, in whole or in part, by the litigation privilege.

## EIGHTH AFFIRMATIVE DEFENSE
## (STATUTE OF LIMITATIONS)

Plaintiff's FDCPA claims are barred in whole or part by the applicable statute of limitations, 15 U.S.C. § 1692k(d).

## NINTH AFFIRMATIVE DEFENSE
## (JURISDICTION)

This Court has no jurisdiction over Plaintiff's state law claims.

## TENTH AFFIRMATIVE DEFENSE
## (LACHES)

Plaintiff's claims are barred by the doctrine of laches.

## ELEVENTH AFFIRMATIVE DEFENSE
## (ESTOPPEL)

All of the causes of action alleged in the Complaint are barred by the doctrine of estoppel.

## TWELFTH AFFIRMATIVE DEFENSE
## (FAILURE TO JOIN INDISPENSABLE PARTIES)

The injuries or damages of which the Plaintiff complains were caused in whole or in part by non-parties whom Plaintiff has failed to join in this action.

## THIRTEENTH AFFIRMATIVE DEFENSE
## (FAILURE OF PROOF)

Plaintiff has failed to prove by a preponderance of the evidence that she is a victim of identity theft.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by the Complaint, which should be dismissed with prejudice.

2. That Defendant recovers from Plaintiff its costs according to proof.

3. That Defendant recovers from Plaintiff its attorney's fees according to proof.

4. That the Court orders such other further reasonable relief as the Court may deem just and proper.

Dated: October 8, 2008

    /s/ Birgit Dachtera Stuart
Birgit Dachtera Stuart (SBN 154621)
LAW OFFICES OF RONALD S. CANTER, LLC
11300 Rockville Pike, Ste 1200
Rockville, MD 20852
Telephone: 301-770-7490
Facsimile: 301-770-7493
bstuart@roncanterllc.com

Attorney for Defendant MannBracken, LLC

PFUHL V. MANNBRACKEN, L.L.C. AND CAPITAL ONE BANK (CASE NO. 08-CV-1455-IEG(JMA))
DEFENDANT MANNBRACKEN, L.L.C.'S ANSWER TO COMPLAINT